IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| ROY J. ROUSE, | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | 4:07cv3089 |
| | ) | |
| vs. | ) | ORDER on INITIAL REVIEW |
| | ) | |
| ROBERT HOUSTON,[1] | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court for initial review of the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("§ 2254 petition") filed by the petitioner, Roy J. Rouse, a prisoner in the custody of the Nebraska Department of Correctional Services. 28 U.S.C. § 2254 affords habeas corpus relief to "a person in custody pursuant to the judgment of a State court [who] is in custody in violation of the Constitution or laws ... of the United States." Id. § 2254(a). Rule 4 of the *Rules Governing Section 2254 proceedings in the United States District Courts (*eff. 12/1/04) states:

> The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order. In every case, the clerk must serve a copy of the petition and any order on the respondent and on the attorney general or other appropriate officer of the state involved.

The petitioner alleges violations of his constitutional rights in connection with his conviction for sexual assault of a child and first degree sexual assault in the District Court of Chase County, Nebraska, on or about May 16, 2005. Among other claims, the petitioner alleges violation of his right to a speedy trial, jury misconduct, irregularities in his trial proceedings, prejudice from being forced to appear in restraints in front of the jury, and ineffective assistance of counsel.

On initial review of the § 2254 petition, the court finds that summary dismissal under Rule 4 of the *§ 2254 Rules* is not required, and that the respondent shall answer or otherwise respond to the § 2254 petition. Also before the court is Filing No. 2, the

---

[1] The court substitutes Robert Houston, Director of the Nebraska Department of Correctional Services, as the plaintiff's custodian. The Clerk of Court shall modify the court's records accordingly.

petitioner's Application for Leave to Proceed In Forma Pauperis. The petitioner qualifies to proceed in forma pauperis, and the § 2254 petition is not frivolous. Therefore, Filing No. 2 is granted.

IT IS THEREFORE ORDERED:

1. That the Clerk of Court shall mail copies of the § 2254 petition to the respondent and to the Nebraska Attorney General by regular first-class mail; the Clerk shall modify the court's records to substitute Robert Houston as the respondent;

2. That within thirty (30) days of the date of this Order, the respondent shall file an Answer to the § 2254 petition on the merits of the claims and any affirmative defenses, in the manner contemplated by Rule 5 of the *§ 2254 Rules*, **or** the respondent may, in his discretion, limit his response to affirmative defense(s) by filing a motion for summary judgment pursuant to Fed. R. Civ. P. 56(b);

3. That, whether the respondent files an answer or a motion for summary judgment, the respondent shall also file with the court and serve on the petitioner a pleading entitled Designation of Relevant State Court Records;

4. That all records listed in the respondent's Designation of Relevant State Court Records shall be filed with, or delivered to, the court at the time the Designation of Relevant State Court Records is filed;

5. That if the respondent elects to file a motion for summary judgment, copies of all records designated and filed in support of the motion shall also be served on the petitioner;

6. That, whether the respondent files an answer or a motion for summary judgment, the petitioner may reply within thirty (30) days thereafter;

7. That, each party shall be entitled to an extension of time; and

8. That Filing No. 2 is granted.

DATED this 17th day of April, 2007.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge