IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ROY J. ROUSE, | ) | CASE NO. 4:07CV3089 |
| | ) | |
| Petitioner, | ) | |
| | ) | MEMORANDUM |
| v. | ) | AND ORDER |
| | ) | |
| ROBERT HOUSTON, | ) | |
| | ) | |
| Respondent. | ) | |

The petitioner, Roy J. Rouse, has filed a Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. Filing No. 1. The respondent has filed a motion for summary judgment, and the relevant state court records in support of that motion. The petitioner has responded and the motion is now fully submitted.

Liberally construing the allegations of his motion, (Haines v. Kerner, 404 U.S. 519, 520-21 (1972)), the petitioner claims:

Claim One: His right to a speedy trial was violated;

Claim Two: The jurors spoke with members of the victim's family, law enforcement officers, and other persons before rendering a verdict.

Claim Three: The petitioner appeared at trial and before the jury in shackles.

Claim Four: The petitioner's counsel was ineffective because he failed to timely file a petition for further review by the Nebraska Supreme Court.

Filing No. 1, pp. 5-8. See also filing no. 13 (petitioner's summary judgment response), pp. 1-2.

Upon review of the petitioner's motion and the relevant state court record, the court finds that petitioner's § 2254 motion must be dismissed.

## I. BACKGROUND

The petitioner was convicted by a jury on charges of sexual assault of a child and first degree sexual assault. The judgment of conviction was entered by the District Court of Chase County, Nebraska on April 11, 2005. Filing 8, att. 1, p. 1. The petitioner was sentenced to 30 to 40 years in prison for sexual assault of a child and 20 to 30 years in prison for first degree sexual assault, these sentences to be served consecutively. Filing 8, att. 2, p. 5.

The petitioner filed a timely appeal before the Nebraska Court of Appeals. His appellate brief argued he was entitled to release under Nebraska's instate detainer statutes, and that his conviction was entered in violation of his right to a speedy trial under Nebraska's speedy trial statute, (Neb. Rev. Stat. § 29-3805), the Sixth Amendment of the United States Constitution, and Article I, Section 11 of the Nebraska Constitution. Filing No. 8, att. 1, pp. 18-36. He further claimed he was denied his right to a fair trial guaranteed under the United States Constitution because jurors communicated with others before rendering a verdict, and because he was visibly shackled during the trial. Filing No. 8, att. 1, pp. 36-44.

On April 11, 2006, the Nebraska Court of Appeals affirmed the petitioner's conviction. Filing No. 8, att. 2. On May 15, 2006, petitioner's appellate counsel filed a petition for further review by the Nebraska Supreme Court. The petitioner argued that the Nebraska Court of Appeals' decision must be reversed because the petitioner's state and federal speedy trial rights were violated. Filing No. 8, att. 3. Filing No. 8, att. 3. The deadline for filing a petition for further review was May 11, 2006, but by the time petitioner's appellate counsel arrived at office of the Clerk of the Nebraska Supreme Court that day,

2

the office was closed. See filing no. 13, p. 14. Ultimately, the petition for further review was overruled as untimely filed. Filing No. 8, att. 4, p. 2; att. 5. The mandate of the Nebraska Court of Appeals was issued on May 30, 2006. Filing No. 8, att. 6. The plaintiff never filed a state motion for post-conviction relief. See filing no. 8, att. 7.

The petitioner's federal habeas petition was filed on April 2, 2007.

## II.    ANALYSIS

The respondent claims he is entitled to summary judgment because the petitioner has filed a mixed petition alleging both procedurally defaulted claims and a claim for which the petitioner has failed to exhaust his state court remedies. Filing No. 6.

Before seeking federal habeas corpus relief, a state prisoner must exhaust available state remedies, "thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." Baldwin v. Reese, 541 U.S. 27, 29 (2004)(internal citations and quotation marks omitted). In order to provide the state with the necessary opportunity to render a decision on the petitioner's federal claims, the "prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." Baldwin, 541 U.S. at 29.

1.    Claims One and Four.

Claim One of the § 2254 petition alleges the petitioner was denied his right to a speedy trial. To the extent the Nebraska Court of Appeals denied the petitioner's speedy trial arguments based on Nebraska statutory and constitutional law, that decision cannot be reviewed by this court. "Errors of state law do not provide a basis for federal habeas corpus relief." Stewart v. Nix, 972 F.2d 967 (8th Cir. 1992).

3

However, the petitioner's brief before the Nebraska Court of Appeals also argued that his trial was unreasonably delayed in violation of his right to a speedy trial secured under the Sixth Amendment of the United States Constitution. This federal claim was denied by the Nebraska Court of Appeals, and was again raised in petitioner's request for further review submitted to the Nebraska Supreme Court. The Nebraska Supreme Court did not reach the merits of the claim because the petition was "overruled as untimely filed." Filing No. 8, att. 5.

Under Nebraska law, the petitioner was required to file a petition for further review with the Nebraska Supreme Court in order to exhaust his available state court remedies. Akins v. Kenney, 410 F.3d 451, 454 (8th Cir. 2005). However, the record establishes that the Nebraska Supreme Court rejected the petitioner's petition for further review, and accordingly his request for further review of his Sixth Amendment claim, solely on state procedural grounds. The petitioner is therefore procedurally defaulted from raising his Sixth Amendment claim as a basis for habeas relief. Shaddy v. Clarke, 890 F.2d 1016, 1018 (8th Cir. 1989)("Because [petitioner's] appeal was not filed within the applicable thirty day filing period, his claim is procedurally barred if the Nebraska Supreme Court failed to reach the merits of his claim and instead dismissed his appeal based upon this default.").

However, a petitioner's procedural default may be excused if he shows cause and prejudice for the default or, alternatively, actual innocence. See Collier v. Norris, 485 F.3d 415, 425 (8th Cir. 2007); Stanley v. Lockhart, 941 F.2d 707, 710 (8th Cir. 1991) (citing Murray v. Carrier, 477 U.S. 478 (1986)). The petitioner has not raised an actual innocence argument. He does, however, claim his appellate counsel provided ineffective assistance by failing to timely file a petition for further review by the Nebraska Supreme Court.

4

The petitioner's ineffective assistance claim may demonstrate sufficient cause to excuse his procedural default provided the failure to file a timely request for discretionary review by the Nebraska Supreme Court rises to the level of constitutionally ineffective assistance of appellate counsel. However, this court cannot decide that issue. Exhaustion of available state post-conviction proceedings is a necessary prerequisite to seeking federal habeas relief under 28 U.S.C. § 2254. Akins v. Kenney, 410 F.3d 451, 454 (8th Cir.2005) (quoting O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999)). Under Nebraska law, a prisoner may file a motion for post-conviction relief seeking to vacate or set aside a sentence on constitutional grounds "at any time in the court which imposed such sentence." Neb.Rev.Stat. § 29-3001. Rouse did not file any motion seeking state post-conviction remedies, including any motion arguing that his appellate counsel provided ineffective assistance in failing to timely file a motion for further review.

The petitioner's Sixth Amendment claim is procedurally barred by the Nebraska Supreme Court's summary dismissal of his appeal for failure to file a timely appeal. The petitioner cannot make the requisite "cause and prejudice" showing to excuse his procedural default absent first exhausting state post-conviction remedies on his claim of ineffective assistance of appellate counsel. Accordingly, Claims One and Four are procedurally barred.

    2.    Claims Two and Three.

Claims Two and Three allege due process violations arising from jury misconduct and being seated at trial in shackles. These issues were raised and decided by the Nebraska Court of Appeals, but were not raised by the petitioner's appellate counsel in his request for further review by the Nebraska Supreme Court. Therefore, even assuming the

request for further review had been timely filed and granted, any federal issues raised in claims Two and Three would not have been "fairly presented" for review by the Nebraska Supreme Court and were procedurally defaulted.

Although this procedural default may be excused if the petitioner shows cause and prejudice for the default, the petitioner has not alleged that his appellate counsel was ineffective for failing to raise the issue of jury misconduct, or the issue of being shackled during trial, for further review by the Nebraska Supreme Court. Moreover, even had the petitioner alleged his appellate counsel was ineffective for not only failing to provide timely assistance, but also for failing to raise substantive issues worthy of Nebraska Supreme Court review, the petitioner has failed to exhaust his state remedies on this claim. As to Claims Two and Three, the petitioner has failed to show cause and prejudice sufficient to excuse his procedural default, and he is therefore precluded from obtaining habeas relief on these grounds. Nicklasson v. Roper, 491 F.3d 830, 839 (8th Cir. 2007).

This court has the discretion to stay rather than dismiss a petitioner's habeas claim pending exhaustion of state post-conviction proceedings. Rhines v. Weber, 544 U.S. 269, 276 (2005). However, a federal stay should be available in only limited circumstances. "Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." Rhines, 544 U.S. at 277. " Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless." Rhines, 544 U.S. at 277.

6

Petitions for further review by the Nebraska Supreme Court are not appeals of right, but are granted in that Court's discretion.  The petitioner had no constitutional right to assistance of counsel in pursuing a discretionary state court appeal.  <u>Ross v. Moffitt</u>, 417 U.S. 600 (1974). "Since [petitioner] had no constitutional right to counsel, he could not be deprived of the effective assistance of counsel by his retained counsel's failure to file the application timely." <u>Wainwright v. Torna</u>, 455 U.S. 586, 588  (1982).  The court therefore concludes Rouse's unexhausted claim of ineffective assistance of appellate counsel in failing to timely or adequately file a petition for further review by the Nebraska Supreme Court is "plainly meritless."  <u>Rhines</u>, 544 U.S. at 277.  His petition for writ of habeas corpus must be dismissed.

IT IS ORDERED:

1. The petition for writ of habeas corpus filed by the petitioner, Roy J. Rouse, is dismissed without prejudice; and

2. Judgment will be entered in accordance with this Memorandum and Order.

DATED this 18th day of October, 2007.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge